UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BMO BANK N.A., | ) |
|                 Plaintiff, | ) |
|                 v. | ) No. 1:23-cv-01900-JRS-MKK |
| HYW TRANSPORTATION LLC, JOHNNY ANDERSON, | ) |
|                 Defendants. | ) |

**Order Denying Motion for Default Judgment**

BMO Bank, N.A., ("BMO") moves the Court to enter default judgment, under Federal Rule of Civil Procedure 55(b)(2), against Defendants HYW Transportation, LLC ("HYW") and Johnny Anderson. (ECF No. 14.) BMO seeks judgment in the amount of $95,721.88, with costs and interests, and for possession of collateral. (Mot. for Default J., Proposed Order, ECF No. 14-5.)

## I.    Legal Standard

Under Federal Rule of Civil Procedure 55, there are two steps to entering a default judgment. First, the plaintiff must request an entry of default by the Clerk. Fed. R. Civ. P. 55(a). Second, the plaintiff "must apply to the court" by moving for default judgment. Fed. R. Civ. P. 55(b)(2). Seventh Circuit law on what the plaintiff needs to prove to obtain a default judgment is sparse. To prevail on a motion for default judgment, a party must show "(1) when and against what parties the default was entered, (2) the pleading as to which default was entered, (3) that the defaulting

parties are neither infants nor incompetent, (4) that the defendants are not in military services, and (5) that notice has been served on the defaulting party." *Property-Owners Ins. Co. v. Stofer*, No. 1:16-cv-00211-TWP-TAB, 2016 WL 6790799, at *1 (S.D. Ind. Oct. 17, 2016) (citing *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006)).

Allegations in the complaint "relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). A plaintiff "still must establish his entitlement to the relief he seeks" by proving the amount of damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). A hearing is required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted).

## II.  Background

The Clerk entered default against Defendants under Federal Rule of Civil Procedure 55(a) on August 9, 2024. (ECF No. 13.) Based on the entry of default, all well-pleaded allegations of the Amended Complaint relating to liability are accepted as true. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994).

On August 19, 2020, BMO agreed to loan HYW $140,300 to purchase "Equipment 1." (Am. Compl. Ex. A, Loan & Sec. Agreement, ECF No. 9-1.) HYW defaulted for failing to make payments, and Equipment 1 was repossessed and sold. (Am. Compl.

2

¶¶ 9–10, ECF No. 9.)  On February 25, 2020, BMO agreed to loan HYW $153,347 to purchase "Equipment 2." (Am. Compl. Ex. B, Loan & Sec. Agreement, ECF No. 9-2.) HYW defaulted for failing to make payments. (Am. Compl. ¶ 14, ECF No. 9.)  The loan has since been paid off by insurance. (Mot. for Default J. Ex. A ¶ 11, Certification of Rose Hamilton, ECF No. 14-2.)

On November 10, 2021, the Parties entered into "Agreement 3" in which BMO agreed to loan HYW $98,500 to purchase "Equipment 3." (Am. Compl. Ex. C, Loan & Sec. Agreement, ECF No. 9-3.)  HYW defaulted for failing to make monthly payments. (Am. Compl. ¶ 15, ECF No. 9.)  BMO moves the Court to enter default judgment in the amount of $95,721.88, with costs and interests, and for possession of Equipment 3. (Mot. for Default J., Proposed Order, ECF No. 14-5.)

### III.  Analysis

BMO's Motion for Default Judgement, (ECF No. 14), is **denied**.  BMO has not supported its damages calculation with sufficient supporting evidence or a sufficiently detailed affidavit.  BMO's calculation is conclusory.  BMO has not provided evidence of the number of installments HYW paid before defaulting on the loan or otherwise demonstrated how much of the loan balance is still unpaid. Likewise, when BMO requests $95,721.88, "with costs and interests," it is unclear if the costs and interests are included in the $95,721.88 calculation or if BMO seeks "costs and interests" on top of the $95,721.88; and BMO does not show how it calculated "costs and interests."  The Court needs more detailed evidence of this sort before it can accurately assess damages and enter default judgment.  This denial is

without prejudice, so BMO may refile a properly supported motion for default judgment.

However, if BMO refiles, counsel must state BMO's requested relief in the motion for default judgment. The Court was able to ascertain BMO's request for relief by reviewing the text of the proposed order, (ECF No. 14-5), and the certification of Rose Hamilton in support of BMO's motion, (ECF No 14-2.)

Additionally, BMO's request for relief in the proposed order is ambiguous. It suggests that BMO is seeking both $95,721.88 in damages and permanent possession of Equipment 3. If so, BMO should specify the purpose and propriety for seeking what appears to be a double recovery.

## Conclusion

BMO's Motion for Default Judgment, (ECF No. 14), is **denied** without prejudice.

**SO ORDERED.**

Date: 1/13/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James K. Haney
WONG FLEMING PC
jhaney@wongfleming.com

Johnny Anderson
7027 Royal Oakland Dr.
Indianapolis, IN 46236

HYW Transportation, LLC
7027 Royal Oakland Dr.
Indianapolis, IN 46236